IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-cv-02028 |
| | ) |
| UNSIGNED ONLY, | ) Judge Trauger |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Ronald Emrit, proceeding *pro se*, has filed a civil complaint against defendant Unsigned Only, a company in the music industry. Because the plaintiff proceeds *in forma pauperis*, the complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint must be dismissed for failure to state a claim on which relief may be granted.

**I.  FACTUAL ALLEGATIONS**

The plaintiff asserts that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $80,000. The plaintiff is a resident of Nevada, and he alleges that the defendant, Unsigned Only, is a company whose principal place of business is in Nashville, Tennessee. The plaintiff seeks compensatory damages from the defendant in the amount of $80,000.

In his fifteen-page complaint, the plaintiff alleges few actual facts: In February 2013, the plaintiff entered three songs into a music competition for independent artists held by defendant Unsigned Only. The plaintiff paid $60.00 or, presumably, $20.00 per song, to enter his songs into the competition. At some point in the course of entering his songs in the competition, the plaintiff "communicated with Jim Morgan and somebody named 'Amanda' (who apparently left this company)." (ECF No. 1, at 5.) The plaintiff does not describe the subject of the communication. He only states that, after entering his songs in the competition, he "never heard anything again from Jim Morgan or anybody else associated with 'Unsigned Only.'" (*Id.*)

The complaint contains no other factual allegations. Instead, it includes speculation and

conclusions. For instance, the plaintiff states that he "firmly believes" that no one at Unsigned Only actually listened to his songs or critiqued them, but he does not explain the source of his belief. He further insists that the competition is "part of a disturbing trend of businesses willing to take advantage of recording artists and musicians who have 'dreams of making it big' or have a [naïveté] that they might become 'stars in Hollywood' by entering these kinds of musical competitions." (*Id.*)

The complaint includes statements of law. The plaintiff asserts that the defendant's behavior constitutes negligence, conversion, intentional infliction of emotional distress (IIED), civil fraud, tortious interference with business relations/contracts, and breach of contract. The complaint lists the elements of each cause of action. The plaintiff insists that the defendant committed negligence, conversion, fraud, IIED, and breach of contract by accepting approximately $60.00 from the plaintiff and thereafter failing to provide feedback to the plaintiff or to critique his songs. The plaintiff also reiterates that he "firmly believes" that no one at Unsigned Only actually listened to his songs. He claims the defendant committed tortious interference "because of the fact that the plaintiff cannot secure a commercial recording contract with a major record label due to the fact that competitions like 'Unsigned Only' continue to 'rip off' independent or 'indie' artists that have dreams of 'making it big' in the music industry." (*Id.* at 11.)

## II.  STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"),

## III. DISCUSSION

By any standard, the complaint in this case does not supply sufficient facts to plausibly state a claim for relief. The plaintiff alleges only that he paid $60.00 to enter three songs in a music or songwriter competition and that he thereafter received no further communication from the company to which he submitted the songs. He asserts the breach of some duty, conversion, fraud, and breach of contract by the defendant, but his factual allegations do not remotely support a conclusion that the defendant incurred any obligation to respond to the plaintiff's submissions. The plaintiff does not identify the criteria for entering the competition, repeat any representations or misrepresentations made by the defendant on any topic, or explain any basis for his expectation that the defendant would respond to his submissions. The plaintiff does not allege any facts from which it might reasonably be inferred that no person won the contest or that the contest itself was fraudulent. In fact, the plaintiff does not allege any action whatsoever taken by the defendant other than presumably creating a contest and accepting the plaintiff's submissions. The plaintiff's negligence claim is defeated by his failure to allege the existence of a duty on the part of the defendant. His conversion claim is defeated by the fact that he voluntarily provided his

songs to the defendant, and he has not shown that the defendant ever wrongfully used or benefited from the songs. The plaintiff's misrepresentation claim fails because he does not show that the defendant made any representations, much less false representations, and his breach of contract claim is defeated by the plaintiff's failure to point to the existence of a contract. Likewise, the fact that the plaintiff is disappointed by the defendant's failure to respond to his songs does not remotely support a claim of intentional infliction of emotional distress.

## IV. CONCLUSION

Because the complaint does not contain sufficient facts to plausibly allege any cause of action whatsoever, this action will be dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge